IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANE DOE (J.R.F.), an individual,<br><br>      Plaintiff,<br>  v.<br><br>HILTON DOMESTIC OPERATING COMPANY INC.; AND BRE SELECT HOTELS PROPERTIES LLC,<br><br>      Defendants. | Case No. 3:24-cv-00289-SLG |

## ORDER ON MOTION TO DISMISS

Before the Court at Docket 26 is Defendant BRE Select Hotels Properties LLC's ("BRE Select") Rule 12(b)(6) Motion to Dismiss the Amended Complaint. Defendant Hilton Domestic Operating Company Inc. ("Hilton") joined the motion at Docket 28. Plaintiff Jane Doe (J.R.F.) responded in opposition at Docket 29. BRE Select and Hilton replied at Docket 33 and 34, respectively.[1] Oral argument on the motion was not requested and was not necessary for the Court's determination. For the following reasons, the motion to dismiss is GRANTED with leave to amend.

## BACKGROUND

Plaintiff initiated this action on December 31, 2024, pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA") against BRE Select, Hilton, and Apple Six Hospitality, Inc. ("Apple Six") for their alleged role in

---

[1] Hilton additionally filed supplemental authority in support of its motion at Dockets 37–39.

facilitating Plaintiff's trafficking.[2] Plaintiff filed her First Amended Complaint ("FAC") on March 31, 2025.[3] Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff voluntarily dismissed Apple Six from the case at Docket 31.

The allegations against BRE Select and Hilton, as pled in the FAC and taken as true for the purposes of this motion to dismiss, are as follows: Plaintiff Jane Doe (J.R.F.) is an Alaska resident who was sex trafficked at various times from 2003 through at least December 31, 2014.[4] The FAC alleges that starting when Plaintiff was a minor, Plaintiff's trafficker used coercion and emotional manipulation to force Plaintiff to engage in commercial sex acts for his financial gain.[5] Plaintiff's trafficking occurred at the Hilton Garden Inn in Anchorage, Alaska—a hotel "owned, operated, controlled, and managed" by Defendants.[6]

According to the FAC, hotels are the primary venues where sex trafficking occurs,[7] and Defendants' public statements on the issue confirm their awareness of trafficking within the hospitality industry.[8] Given the seriousness and prevalence of the problem, government agencies and advocacy organizations have dedicated

---

[2] Docket 1.

[3] Docket 23.

[4] Docket 23 ¶¶ 9, 21.

[5] Docket 23 ¶ 21.

[6] Docket 23 ¶¶ 12, 14, 22.

[7] Docket 23 ¶ 25.

[8] Docket 23 ¶¶ 38, 40.

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 2 of 15
Case 3:24-cv-00289-SLG    Document 40    Filed 11/21/25    Page 2 of 15

significant resources to educating hotel industry actors— including Defendants—on how to identify and respond to signs of sex trafficking.[9] These signs, or "red flags," are well-known, follow established patterns, and can be easily detected by properly trained hotel staff.[10] Plaintiff alleges that Defendants were familiar with these "red flags" and understood how to avoid facilitating trafficking.[11]

In addition to industry-wide awareness, Plaintiff alleges Hilton had both actual and constructive knowledge of ongoing trafficking at Hilton-branded hotels, including the subject Hilton Garden Inn, based on news reports, online reviews, and records of law enforcement activity that reflected "the widespread presence of sex trafficking, prostitution, and related criminal activity at Hilton branded hotels."[12] Plaintiff further alleges that Hilton was aware that trafficking was a brand-wide issue and that its "efforts, if any, to stop facilitating sex trafficking in Hilton properties were not effective."[13]

According to the FAC, "sex trafficking was widespread at the subject Hilton Garden Inn specifically."[14] Sex traffickers, including Plaintiff's trafficker, repeatedly used the Hilton Garden Inn because Defendants' policies and practices created an

---

[9] Docket 23 ¶¶ 26–29.

[10] Docket 23 ¶¶ 28–29.

[11] Docket 23 ¶¶ 32–33.

[12] Docket 23 ¶¶ 44–48.

[13] Docket 23 ¶ 48.

[14] Docket 23 ¶ 50.

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 3 of 15
Case 3:24-cv-00289-SLG    Document 40    Filed 11/21/25    Page 3 of 15

environment conducive to trafficking, as hotel staff allegedly ignored obvious indicators of trafficking.[15] During the period Plaintiff was trafficked at the Hilton Garden Inn, Plaintiff alleges that she presented multiple "red flags" that are well-recognized in the hospitality industry as signs indicating that her trafficker was engaged in sex trafficking.[16] Plaintiff would arrive at the Hilton Garden Inn with very few possessions and dressed in provocative clothing, as required by her trafficker.[17] Plaintiff's trafficker "was often present with her at check-in and would linger around the hotel or parking lot while [Plaintiff] was with a john."[18] Hotel staff placed Plaintiff and her trafficker in rooms that were away from other hotel guests and "frequently in a specified area of the hotel to make it easier for johns to come and go."[19] There was a high volume of men entering and exiting Plaintiff's room who were not hotel guests, who would arrive and depart at unusual hours and remain at the hotel only briefly.[20] Plaintiff alleges that these "red flags" put the hotel staff on notice that Plaintiff was being continually subjected to coercion, control, and exploitation.[21]

---

[15] Docket 23 ¶¶ 51–55, 77-78, 90, 93, 115.

[16] Docket 23 ¶ 70.

[17] Docket 23 ¶¶ 73–74.

[18] Docket 23 ¶ 72.

[19] Docket 23 ¶¶ 71, 75.

[20] Docket 23 ¶ 76.

[21] Docket 23 ¶ 23.

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 4 of 15
Case 3:24-cv-00289-SLG     Document 40     Filed 11/21/25     Page 4 of 15

On the basis of these allegations, Plaintiff brings three causes of action against Defendants. The first cause of action alleges that BRE Select has perpetrator liability under the TVPRA.[22] The second cause of action alleges that both Defendants have beneficiary liability under the TVPRA as a result of their participation in two unlawful ventures.[23] The first venture, Plaintiff alleges, resulted when Defendants "developed and maintained a continuous business relationship and implicit understanding with sex traffickers" at the Hilton Garden Inn by renting the traffickers hotel rooms and providing them related services despite the fact that each Defendant knew or should have known these traffickers were using the Hilton Garden Inn to engage in violations of 18 U.S.C. § 1591(a)(1) and 18 U.S.C. § 1591(a)(2), including the trafficking of Plaintiff.[24] The second venture Plaintiff alleges was "a commercial venture that resulted from the business relationship [between] Hilton and [BRE Select], during their respective years of ownership, to operate the subject Hilton Garden Inn with a common objective of maximizing revenue at the hotel[], including gross room revenue."[25] The third cause of action, brought only against Hilton, alleges that Hilton is vicariously liable for the allegedly unlawful conduct of BRE Select.[26]

---

[22] Docket 23 ¶¶ 141–43.

[23] Docket 23 ¶¶ 144–47.

[24] Docket 23 ¶ 146.

[25] Docket 23 ¶ 147.

[26] Docket 23 ¶¶ 148–54.

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 5 of 15
Case 3:24-cv-00289-SLG    Document 40    Filed 11/21/25    Page 5 of 15

Although Plaintiff's causes of action would largely appear to be facially foreclosed by the 10-year statute of limitations under the TVPRA, the FAC alleges that Plaintiff is entitled to invoke the Discovery Rule, the doctrine of equitable tolling, or the continuing tort doctrine (also known as the continuing violation doctrine). In this regard, she first alleges that "[a]t the time the trafficking occurred, [Plaintiff] did not know what 'human trafficking' was, much less that she was being victimized by a human trafficking venture, and she did not discover and was not in a position to discover the existence of a cause of action until shortly before suit was filed."[27] Second, she alleges that as "a result of being a victim of trafficking, [Plaintiff] faced extraordinary circumstances, which arose through no fault of her own, that prevented her from filing a lawsuit."[28] Third, Plaintiff alleges that her "continuous trafficking resulted from Defendants' continuous facilitating of trafficking at the [Hilton Garden Inn] and Defendants' ongoing venture with one another and with criminal traffickers."[29]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain

---

[27] Docket 23 ¶ 159.

[28] Docket 23 ¶ 155-56.

[29] Docket 23 ¶ 161.

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 6 of 15
Case 3:24-cv-00289-SLG    Document 40    Filed 11/21/25    Page 6 of 15

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[30] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[31]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[32] However, "leave may be denied if amendment of the complaint would be futile."[33] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[34]

## DISCUSSION

Defendants seek dismissal on several grounds, with most of their arguments focusing on whether Plaintiff has plausibly alleged sufficient facts that Defendants violated the TVPRA as either a perpetrator or a participant.[35] More fundamentally, Plaintiff's claims appear to be almost entirely foreclosed by the statute of limitations, as after application of the statute of limitations, only one day within the

---

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[31] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[32] Fed. R. Civ. P. 15(a).

[33] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[34] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[35] *See* Docket 27 at 8-10.

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 7 of 15
Case 3:24-cv-00289-SLG   Document 40   Filed 11/21/25   Page 7 of 15

limitations period of Plaintiff's alleged trafficking—December 31, 2014—is specifically pleaded. Further, the FAC's allegations with respect to that one day are too vague to determine if either of the two remaining Defendants could be responsible for any TVPRA violation on that day.

18 U.S.C. § 1595(c) provides that a TVPRA action must be initiated no later than the later of "10 years after the cause of action arose" or "10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense." Here, Plaintiff alleges that she was trafficked from "2003 through at least December 31, 2014," "starting when [she] was a minor."[36] The original Complaint in this case was filed on December 31, 2024,[37] and nowhere in the FAC does Plaintiff plead that she turned 18 years of age after December 31, 2014. Accordingly, unless an exception applies, Plaintiff's claims are foreclosed to the extent they are premised on any trafficking activity occurring before December 31, 2014.

In apparent recognition of this statute of limitations issue, the FAC contains conclusory allegations that Plaintiff's claims are not time barred because the Discovery Rule, the doctrine of equitable tolling, and/or the continuing violation doctrine should apply.[38] However, despite BRE Select's assertions in its motion

---

[36] Docket 23 ¶ 21. The FAC alleges that BRE Select's involvement with the Hilton Garden Inn began in May 2013. Docket 23 ¶ 14.

[37] *See generally* Docket 1.

[38] Docket 23 ¶¶ 155–61.

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 8 of 15
Case 3:24-cv-00289-SLG   Document 40   Filed 11/21/25   Page 8 of 15

to dismiss that the Discovery Rule and equitable tolling are both inapplicable to Plaintiff's claims,[39] Plaintiff's opposition to the motion does not address the Discovery Rule or equitable tolling at all.[40] As a result of Plaintiff's failure to address the Discovery Rule or equitable tolling, the Court considers these issues conceded for purposes of Defendants' motion to dismiss.[41]

In her opposition, Plaintiff argues that a Rule 12(b)(6) dismissal based on untimeliness is unwarranted for two reasons. First, she maintains that because at least one day of the alleged trafficking period falls within the 10-year statute of limitations, the Court should not dismiss any of Plaintiff's claims, because a court should not order a piecemeal dismissal of claims under Rule 12(b)(6).[42] The Court disagrees that partial dismissal under Rule 12(b)(6) is unwarranted. If it is apparent from the face of the complaint that some aspect of a claim should be dismissed for untimeliness, as it is in the FAC, dismissal of the untimely portion is appropriate under Rule 12(b)(6).[43]

---

[39] Docket 27 at 33–36.

[40] *See generally* Docket 29.

[41] *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (holding that a party abandoned its claims by not raising them in an opposition to summary judgment); *see also Doe v. Six Continents Hotels Inc.*, No. CV 24-11219-MWF (AJRX), 2025 WL 2020003, at *5 (C.D. Cal. June 26, 2025) (holding that a party impliedly conceded an argument by failing to address it in a response brief); *Fragoso v. Wal-Mart, Inc.*, No. 2:22-CV-01507-CDS-EJY, 2024 WL 5009082, at *3 (D. Nev. Dec. 6, 2024) (same).

[42] Docket 29 at 21 (first citing *Redwind v. W. Union, LLC*, No. 3:18-cv-02094-SB, 2019 WL 3069864, at *4 (D. Or. June 21, 2019); and then citing *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015)).

[43] *See Catelyn H. v. G6 Hosp., LLC*, No. 2:24-CV-939-JCM (DJA), 2025 WL 929032, at *3 (D. Nev. Mar. 26, 2025) (dismissing in part a TVPRA claim "as it relate[d] to events that occurred prior

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 9 of 15
Case 3:24-cv-00289-SLG     Document 40     Filed 11/21/25     Page 9 of 15

Second, Plaintiff briefly argues without further explanation that "[b]ecause the last date that Plaintiff was trafficked at the subject Hilton Garden Inn Hotel is within 10 years of the date she filed this lawsuit, her claim is timely under the continuing tort doctrine[,]" citing one out-of-circuit district court case for that proposition.[44]

"The continuing violation doctrine is an exception to the discovery rule of accrual which allows a plaintiff to seek relief for events outside of the limitations period 'as long as the last act evidencing the continuing practice falls within the limitations period.'"[45] Prior to 2002, the Ninth Circuit had broadly applied the continuing violation doctrine to plaintiffs that had been subjected to a series of related acts, one or more of which fell within the limitations period.[46] In 2002, the Supreme Court in *National Railroad Passenger Corporation v. Morgan* ruled that the Ninth Circuit's application of the continuing violation doctrine to "serial

---

to April 12, 2014" but not after that date); *C.C. v. Rashid*, No. 2:23-cv-02056-GMN-BNW, 2024 WL 5200543, at *7 (D. Nev. Dec. 20, 2024) (dismissing as untimely the portion of the TVPRA claim that pertain to events occurring more than 10 years before the initiation of the case); *Lundstrom v. Holiday Hosp. Franchising, LLC*, 2023 WL 4424725, at *10 (D.N.D. May 22, 2023) (same); *H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 710 (E.D. Mich. 2020) (same).

[44] *See* Docket 29 at 22 (citing *A.M.G. v. Red Roof Inns, Inc.*, No. 2:23-cv-04195, 2025 WL 588645, at *9 (S.D. Ohio Feb. 24, 2025)).

[45] *Doe v. G6 Hosp., LLC*, No. 2:24-CV-01235-RSL, 2025 WL 1167550, at *4 (W.D. Wash. Apr. 22, 2025) (quoting *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019)).

[46] *See, e.g.*, *Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008, 1016 (9th Cir. 2000), *aff'd in part, rev'd in part*, 536 U.S. 101 (2002); *Gutowsky v. Cnty. of Placer*, 108 F.3d 256, 259 (9th Cir. 1997).

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 10 of 15

Case 3:24-cv-00289-SLG     Document 40     Filed 11/21/25     Page 10 of 15

violations" consisting of discrete acts was unduly expansive.[47] The Supreme Court held that the doctrine could be applied to "hostile environment" workplace claims, where the very nature of the claim requires repeated conduct, but was not properly applicable to "[d]iscrete acts," such as "termination, failure to promote, denial of transfer, or refusal to hire" that are actionable on their own.[48]

The distinction drawn by the Supreme Court in *Morgan* has resulted in several district courts in this Circuit holding that the continuing violation doctrine is not applicable to TVPRA claims.[49] As the district court in *Doe v. G6 Hospitality* explained:

> [A] hotelier's knowledge (or reckless disregard) of the fact that its hotel rooms are being used for sex trafficking and/or its knowing participation in a venture engaged in sex trafficking may develop through a series of acts and over a period of time. But once the requisite knowledge exists, each act of "harboring" or each receipt of a benefit from the sex trafficking venture is actionable under 18 U.S.C. § 1591(a). That the unlawful conduct is repeated does not stall the running of the limitations period or make all subsequent trafficking

---

[47] 536 U.S. 101, 114 (2002).

[48] *Morgan*, 536 U.S. at 114; *see also Bird*, 935 F.3d at 748 (9th Cir. 2019) (noting that after the Supreme Court's holding in *Morgan*, "little remains of the continuing violations doctrine" in the Ninth Circuit "except for a limited exception for hostile work environment claims").

[49] *See Doe v. Six Continents Hotels Inc.*, 2025 WL 2020003, at *5 (holding that the continuing tort doctrine does not apply to TVPRA claims); *Doe v. G6 Hospitality, LLC*, No. 2:24-CV-01235-RSL, 2025 WL 1167550, at *4-*5 (W.D. Wash. Apr. 22, 2025) (same); *Christina T. v. Bellagio LLC*, No. 2:25-CV-145 JCM (DJA), 2025 WL 2962780, at *3 (D. Nev. Oct. 17, 2025) (same); *Marcy C. v. MGM Resorts Int'l*, No. 2:24-CV-2027 JCM (MDC), 2025 WL 3187434, at *3 (D. Nev. Nov. 13, 2025). *But see Doe A v. Seatac Hotels LLC*, No. C24-1270-MJP, 2025 WL 474233, at *6 (W.D. Wash. Feb. 12, 2025) (declining to dismiss TVPRA claim on statute of limitations grounds due to the continuing tort doctrine); *A.B. v. Interstage Mgmt. Co.*, No. 3:23-cv-00388-IM, 2024 WL 5264652, at *4 (D. Or. Dec. 31, 2024) (same).

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 11 of 15
Case 3:24-cv-00289-SLG     Document 40     Filed 11/21/25     Page 11 of 15

episodes part of a single illegal act. Each discrete, actionable act starts a new clock for filing a lawsuit alleg[ing] that act.[50]

Here, the Court similarly finds that the continuing violation doctrine does not apply. The FAC alleges that both of the remaining Defendants had the ongoing and requisite knowledge of the sex trafficking and knowingly received benefits from that activity.[51] Further, each alleged act of sex trafficking at the Hilton Garden Inn constitutes a discrete, actionable tort. Accordingly, Plaintiff's claims as alleged in the FAC are barred by the statute of limitations to the extent they are brought for conduct occurring prior to December 31, 2014.

This leaves the issue of whether Plaintiff has adequately stated claims against the two remaining Defendants for harms occurring on December 31, 2014. Because of the lack of specificity in the FAC as presently alleged, the Court cannot conclude that Plaintiff has stated a claim against the two remaining Defendants for conduct on that one day. Plaintiff alleges that she was trafficked from "2003 through at least December 31, 2014."[52] These allegations do not indicate whether any trafficking activity involving Plaintiff took place at the Hilton Garden Inn on December 31, 2014, or at any time thereafter.

---

[50] *Doe v. G6 Hosp., LLC*, 2025 WL 1167550, at *5 (first citing *Morgan*, 536 U.S. at 114; and then citing *Bird*, 935 F.3d at 747).

[51] *See, e.g.,* Docket 23 ¶ 109. The Court makes this observation without prejudice to Defendants' argument that the FAC fails to adequately allege that either Defendant knowingly benefitted from participation in a sex trafficking venture. *See* Docket 27 at 27-30.

[52] Docket 23 ¶ 21.

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 12 of 15
Case 3:24-cv-00289-SLG     Document 40     Filed 11/21/25     Page 12 of 15

At its most specific, the FAC alleges that Plaintiff "was trafficked at the subject Hilton Garden Inn" "at various times and in an ongoing manner between 2003 through at least December 31, 2014,"[53] and that she remained "under the control of her trafficker through at least December 31, 2014."[54] But given that the FAC also includes allegations against the now-dismissed Apple Six, the Court cannot determine whether Plaintiff is alleging that she was trafficked at the Hilton Garden Inn specifically on December 31, 2014, and thereafter, or whether Plaintiff remained under the control of the person described throughout the FAC as "her trafficker"[55] but was not trafficked at the Hilton Garden Inn on December 31. 2014 or at any time thereafter. Even if the Court accepts that the above allegation was meant to indicate that Plaintiff was trafficked at the Hilton Garden Inn on December 31, 2014, the FAC does not specifically allege that wrongful conduct was undertaken by either of the two remaining Defendants on that particular day (for instance, by observing and ignoring "red flags").

The Court thus finds the FAC fails to state a claim because it does not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."[56] Accordingly, the Motion to Dismiss is GRANTED.

---

[53] Docket 23 ¶ 21.

[54] Docket 23 ¶ 157.

[55] See, e.g., Docket 23 ¶¶ 8, 21, 23, 49, 71–72, 74, 78, 80.

[56] Fed. R. Civ. P. 8(a)(2).

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 13 of 15
Case 3:24-cv-00289-SLG   Document 40   Filed 11/21/25   Page 13 of 15

**LEAVE TO AMEND**

Rule 15 requires that leave to amend "be freely given when justice so requires."[57] "This policy is to be applied with extreme liberality."[58] The Supreme Court has identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.[59] Of these, "the consideration of prejudice to the opposing party carries the greatest weight."[60] Here, there is no evidence of bad faith, amendment would be unlikely to cause undue delay, no prejudice to Defendants has been shown, and Plaintiff has amended only once as a matter of right.

The Court also does not find that amendment would be futile. As to the one day facially within the statute of limitations, Plaintiff may be able provide more specific allegations to give Defendants clearer notice of her claims. And, although Plaintiff has not yet done so, she could conceivably plead facts to support a finding that the statute of limitations has not run on certain pre-December 31, 2014 conduct. For example, Plaintiff may be able to plead that she turned 18 years of

---

[57] Fed. R. Civ. P. 15(a)(2).

[58] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

[59] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[60] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap.*, LLC, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend).

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 14 of 15
Case 3:24-cv-00289-SLG    Document 40    Filed 11/21/25    Page 14 of 15

age after December 31, 2014, and is therefore not subject to the statute of limitations discussed here. Plaintiff may also be able to plead specific facts that would demonstrate her entitlement to the benefit of the Discovery Rule and/or equitable tolling.

## CONCLUSION

Therefore, IT IS ORDERED that BRE Select's Motion to Dismiss the Amended Complaint at Docket 26, as joined by Hilton at Docket 28, is GRANTED with leave to amend.

Plaintiff may file a Second Amended Complaint ("SAC") within 30 days of the date of this order. Failure to file an SAC by that date will be deemed a decision by Plaintiff to stand upon the existing allegations and the Court will then dismiss this action for failure to state a claim.

Defendants shall file an Answer or otherwise respond to the SAC within 21 days of the date of the SAC.

DATED this 21st day of November, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00289-SLG, *Doe v. Hilton Domestic Operating Company Inc., et al.*
Order on Motion to Dismiss
Page 15 of 15
Case 3:24-cv-00289-SLG    Document 40    Filed 11/21/25    Page 15 of 15